IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMANUEL SENYO AGYEMAN,

        Plaintiff,                   CV F 99 5913 WMW P

   vs.                                 ORDER

BOHL, et al.,

        Defendants.

      Plaintiff is a former detainee at the Pretrial Detention Facility at Lerdo.  Plaintiff is proceeding pro se in this civil rights action against Defendant officials employed by Kern County for alleged use of excessive force.   The Court directed the parties to submit status reports.  Both parties have complied.

      Defendants correctly note that the discovery cut-off in this case occurred on October 8, 2001.  Defendants further indicate that additional discovery is not needed.  Plaintiff indicates that he needs to depose Defendants, and he needs to re-open discovery in order to prepare pretrial motions.  Plaintiff contends that extraordinary circumstances necessitate the re-opening of discovery.  Plaintiff currently resides in Ghana.

      Though difficult to litigate this action due to his residence in another country, Plaintiff has not shown good cause why discovery should be re-opened.   Plaintiff was able to oppose

Defendants' motion for summary judgment.  That Plaintiff discovered a need to depose Defendants at this stage of litigation does not constitute grounds to re-open discovery.

Defendants note that prior to the ruling on the motion for summary judgment, there was pending discovery.  On August 8, 2001, Defendants filed motion for an order allowing the Federal Bureau of Investigation to release complaints made by Plaintiff against other officers at other facilities that were similar in nature to those made in this case.  Defendants also filed a motion to compel Plaintiff to provide responsive answers to certain interrogatories propounded by Defendants.  Because those motions were made within the time set for discovery, the Court will consider them.  Defendants have indicated that should the Court consider those motions, they are prepared to file a dispositive motion.

## Motion to Compel

Defendants Wedeking, Saldana and Bohl have filed a motion to compel responses to their first set of interrogatories.  Defendants submit as exhibits the discovery requests and responses at issue.

### Defendant Saldana

Defendant Saldana's request no. 1 requested Plaintiff to provide information about his allegation that Saldana "berated" him.  Plaintiff's response refers Defendant to a narrative statement that does not address the question.  The Court finds Plaintiff's answer to be non-responsive.  Plaintiff's response must include factual allegations as to conduct by Saldana.

Defendant Saldana's intrerrogatories 2 and 3 again request Plaintiff to detain the incident in which Saldana "berated" him.  These interrogatories request Plaintiff to identify witnesses and describe in detail Saldana's conduct.  Plaintiff fails to provide responsive answers to these interrogatories.  Plaintiff does not identify any witnesses, nor does Plaintiff indicate whether he knows the names of any witnesses.  The motion to compel should be granted as to Defendant Saldana.

Defendant Wedeking

The interrogatories at issue in Defendant Wedeking's request, numbers 2, 3 and 6, similarly seek specific answers. As to requests 2 and 3, Plaintiff is again asked to identify, by name, witnesses to certain alleged conduct. Plaintiff's answers are non-responsive. Plaintiff must either identify the witness by name, or indicate that he does not know. Defendant Wedeking's interrogatory 6 also seeks specific information - what medications Plaintiff was taking at a particular time. In his response, Plaintiff refers Wedeking to "medical records." The Court finds this to be non-responsive. Plaintiff must provide specific responses to the interrogatories. The motion should be granted as to Defendant Wedeking's requests.

Defendant Bohl

Defendant Bohl's interrogatory 2 requests Plaintiff to state all facts that support his contention that Defendant Bohl had any animosity toward those of African descent. Plaintiff referred Bohl to an attachment, and then made conclusory allegations. Plaintiff must provide all factual allegations that he has personal knowledge of that specifically respond to the question. Interrogatories 3, 5 and 7 request Plaintiff to identify witnesses that support specific factual allegations. Plaintiff's responses are vague, identifying the witnesses as INS detainees. If Plaintiff is aware of specific witnesses, he should identify them. If there are no witnesses that Plaintiff can identify, he should so indicate in his response.

Interrogatory 15C requests Plaintiff to identify specific areas of his body that he alleges were hit by a particular defendant. Plaintiff does not identify any particular defendants. Plaintiff merely lists parts of his body without indicating who hit him there. This response is incomplete. Plaintiff must identify the individuals who hit him and where they hit him. The motion to compel should therefore be granted as to Defendant Bohl.

## Motion to Obtain FBI Records

On May 21, 2001, Defendants received from Plaintiff a document purporting to be from

1  the Office of the Inspector General.  The document indicates that two investigations have been
2  conducted by the Federal Bureau of Investigation regarding complaints lodged by Plaintiff while
3  detained by the Immigration and Naturalization Service.  The document further states that the
4  two previous investigations concerned "similar complaints" made while Plaintiff was housed in
5  Arizona.  Defendants have ascertained that these investigations concern complaints lodged by
6  Plaintiff against either an Arizona detention facility or employees of the detention facility.
7  Defendants believe that these investigations concern allegations made that are substantially
8  similar to those made in this action.  Additionally, Defendants believe the documents will lead to
9  admissible evidence that may be critical at a trial.
10        On May 31, 2001, Defendants sent Plaintiff a letter requesting that he sign a release that
11  would allow them to obtain records from the FBI.  On July 2, 2001, Defendants' attorney spoke
12  to Plaintiff by telephone.  Though Plaintiff has agreed to sign a release, he has yet to do so.
13        On July 30, 2001, Plaintiff sent a letter to Defendants indicating that, rather than
14  providing the release for the FBI documents, he had made a Freedom of Information Act request
15  from the FBI in Washington, D.C.  On August 1,2001, Defendants' attorney spoke to Plaintiff by
16  telephone.  In this conversation, Plaintiff denied that he would sign the release.  Plaintiff claimed
17  that he never agreed to sign the release but only to review it, despite the fact that he had been
18  provided the document previously.
19        In an attempt to obtain the records, Defendants have contacted the FBI offices in San
20  Francisco, California and Phoenix, Arizona.  In so doing, the FBI indicated that it would not
21  comply with a subpoena for the records as the subpoena is not equivalent to a court order.
22        The Court finds that defendants have shown good cause for the such an order.
23         Accordingly, IT IS HEREBY ORDERED that:
24      1. The motion to compel answers to interrogatories by Defendants Saldana, Wedeking
25  and Bohl is granted in its entirety.
26

     2.   Defendants' motion for an order directing the FBI to produce the documents at issue in this motion is granted.

     3.   Defendants shall submit a proposed order to the court at [wmworders@caed.uscourts.gov](mailto:wmworders@caed.uscourts.gov) .

     4. The dispositive motion filing deadline is March 29, 2008.

     IT IS SO ORDERED.

**Dated:   November 19, 2007**              /s/  William M. Wunderlich
                                                            UNITED STATES MAGISTRATE JUDGE