IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMANUEL AGYEMAN,

        Plaintiff,        1: 99 CV 5913 WMW PC

  vs.                      ORDER RE MOTION (DOC 109)

BOHL et al.,

        Defendants.

       Plaintiff is a former Kern County Jail inmate proceeding pro se in a civil rights action against Kern County defendants on allegations of excessive force while Plaintiff was housed at the Kern County Jail.  Pending before the court is defendants' motion to compel discovery responses.  Plaintiff has not filed an opposition

       On July 6, 1999, Plaintiff alleges that he was subject to excessive force by the defendants while he was housed as a detainee of the Immigration and Naturalization Services at the Kern County Lerdo Facility. (Complaint, ¶ beginning "That same evening. . ."[2] ) Defendants deny this allegation.

       On May 21, 2001, defendants served Plaintiff *Interrogatories Set One*. (Declaration of Jennifer L. Thurston ¶ 2) The responses provided by plaintiff were insufficient. (*Id.* at ¶ 4.) On

1

1  January 22, 2008, the Court issued its order compelling Agyeman to provide further responses.
2  (*Id.* at ¶ 16.) On January 23, 2008, I provided plaintiff another copy of the order and a copy of the
3  specific interrogatories to which he was ordered to answer. (*Id.* at ¶ 17.) To date, plaintiff has not
4  responded.
5  (*Id.*)

6      Counsel for defendants not that the information is very important to the defense because
7  it seeks information regarding any witnesses to the claimed incident and evidence within the
8  Plaintiff's possession regarding the incident and the surrounding circumstances. (Declaration of
9  Jennifer L. Thurston ¶ 3) Because certain of the defendants claim that they never touched
10 plaintiff, never directed the touching of him and were not the supervisors of anyone who touched
11 plaintiff, the information is key to their defense. (*Id.* at ¶ 3.)  Also, if Plaintiff's position is
12 contrary to this, the defendants are entitled to be apprised of the evidence before trial. (*Id.* at ¶ 3.)
13 Likewise, the remaining defendants deny emphatically that they used excessive force on Plaintiff
14 and, to be fully prepared for trial, need full information regarding Plaintiff's claims. (*Id.* at ¶ 3.)

15     The failure of Plaintiff to respond to the Court's order to provide additional responses is
16 prejudicial to the defendants because on November 21, 2007, the Court ordered that all
17 dispositive motions be filed by March 29, 2008.[3] Given plaintiff's failure to respond, the
18 defendants are unable to file their motion by this date. In addition, given the vast amount of time
19 that has passed since the subject incident, locating witnesses is increasingly difficult. Should the
20 Court grant the motion to compel and not dismiss the matter, the defendants request that the
21 Court extend the dispositive motion date and impose monetary sanctions.

22     Defendants correctly argue that the court can impose monetary sanctions.  The purpose of
23 discovery is to narrow issues, obtain evidence that may be used at trial  and to obtain
24 information as to the existence and location of evidence that may be used at trial. <u>Wood v.Todd
25 Shipyards</u> 45 F.R.D. 363, 364 (S.D. Tex. 1968); <u>Beirne v. Fitch Sanitarium, Inc</u>. 20 F.R.D.93, 94
26

(S.D. N.Y.1957.) [The purpose of discovery is to locate relevant facts and to determine where evidence may be located]; <u>Jackson v. Kroblin Refrigerated Xpress, Inc</u>. 49 F.R.D. 134, 135-136 (N.D.W.Va. 1970) [Discovery to identify persons with knowledge of relevant facts is proper]. Requiring discovery occur well before trial is designed to provide the parties the most complete knowledge of facts to prevent surprise and a miscarriage of justice. <u>Burke v. Fire Underwriters Ass'n</u> 21 F.R.D. 583 (W.D. Mo. 1958.) [Purpose of discovery is to eliminate surprise at tria]; <u>U.S. v. 50.34 Acres of Land, More or Less in Village of East Hills, Nassau County</u> N.Y. 13 F.R.D. 19, 21 (E.D. N.Y. 1952) [The admissibility of evidence is not a prerequisite to discovery.] The disputed interrogatories, if answered directly, would provide defendants the ability to prepare their case and would eliminate surprise. Without further clarification, defendants are unable to determine fully plaintiff's claims and the evidence on which he relies to support these claims.

      Parties are prohibited from using discovery as a form of gamesmanship to avoid disclosures. <u>Tiedman v. American Pigment Corp</u>. 253 F.2d 803, 808 (4th Cir. 1958). It was just this sort of discovery gamesmanship that was condemned in <u>Malautea v. Suzuki</u> 148 F.R.D. 362, 366 (DC Ga. 1991). Whether plaintiff is continuing his previous uncooperativeness with the discovery process or has abandoned his litigation in light of his deportation to his home country is not known. However, no matter the explanation, plaintiff's failure to provide the requested information cripples the defendants' ability to prepare for trial.

      The Court has the inherent authority to settle discovery disputes and to enforce legitimate requests for information. <u>Identiseal Corp. of Wisconsin v. Positive Identification Systems, Inc</u>. 560 F.2d 298, 301-302 (7th Cir. 1977.) This authority vests the Court with the discretion to resolve discovery disputes <u>Tiedman</u>,253 F.2d at 808. It appeared that the Court had done this when it issued its January 22, 2008 order. However, despite this order, plaintiff has continued to refuse to respond to the discovery requests.

In <u>Payne v. Exxon Corp.</u>, 121 F.3d 503, 507 (9th Cir. 1997), the Court evaluated the trial court's decision to dismiss a matter due to discovery abuses and the plaintiff's failure to comply with court orders related to discovery. In affirming the trial court's order dismissing the matter, the Court held,

> Before dismissing a case for noncompliance with court-ordered discovery under Rule 37, the district court must weigh the following five factors:
>
> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987), cert. denied, 488 U.S. 819, 109 S. Ct. 59, 102 L. Ed. 2d 37 (1988), quoting <u>Thompson v. Housing Authority</u>, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 93 L. Ed. 2d 60, 107 S. Ct. 112 (1986). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." <u>Adriana</u>, 913 F.2d at 1412.

This case was filed in June 1999 and is not scheduled for trial. Due to plaintiff's delays, his absence from the case for extended periods and two appeals, clearly, it has not advanced at an expeditious pace. (*Id.* at ¶¶ 18-21) Moreover, plaintiff's interest in the case has waned at various points causing the matter to languish. (*Id.*) His failure to cooperate in the discovery process and the plaintiff's attempts to thwart the defendants' ability to locate and obtain material evidence has exacerbated further the case's progress toward trial. (*Id.*)

Due to the extensive amount of time that has passed since the incident at issue and the apparent success of the defendants at two different times during the litigation, the defendants have become increasingly prejudiced by ongoing delay. At this time, it is unknown that any witnesses identified by plaintiff will be located and whether documents and records continue to be available that will assist in the defense in a dispositive motion or at trial.

Imposing sanctions on plaintiff provides little relief. He resides in the country of Ghana and there is no method for the defendants to collect monetary sanctions short of the plaintiff's voluntary disbursal of the funds. Likewise, precluding the plaintiff from introducing evidence on the topics embraced by the disputed discovery, while providing some assistance at trial, would preclude them filing a dispositive motion. Thus, the defendants assert that, at this time, the only relief available to them is a dismissal of the matter.

Alternatively, the defendants urge the Court to schedule an order to show cause re: dismissal to determine plaintiff's interest in continuing with the litigation, his willingness to cooperate with discovery and his willingness to pay monetary discovery sanctions.

Defendants further note that given that this is the second discovery motion that the defendants have had to file and it did not seek sanctions in connection with the first, the defendants seek now the imposition of sanctions against plaintiff. As noted above, the defendants seek dismissal of the action but failing this, seek imposition of monetary sanctions against plaintiff and an extension of the dispositive motions deadline to a time-frame that is at least 60 days beyond the date that plaintiff must respond.

Additionally or in the alternative to immediate imposition of sanctions, the defendants request the Court to issue an order to show cause re: dismissal to determine whether plaintiff wishes to proceed in this litigation, his willingness to comply with discovery and the Court's orders, and his willingness to pay monetary discovery sanctions.

Plaintiff has been properly served with defendants' motion, including all of the argument and legal authority referred to in this order. Plaintiff has not filed an opposition, or any other response.

Accordingly, IT IS HEREBY ORDERED that Plaintiff is directed to show cause, within thirty days of the date of service of this order, why this action should not be dismissed for Plaintiff's failure to respond to discovery. Plaintiff is directed to inform the court whether he

1  wishes to proceed in this litigation, his willingness to comply with discovery and the Court's
2  orders, and his willingness to pay monetary discovery sanctions.  Plaintiff's failure to timely
3  respond to this order to show cause will result in dismissal of this action.
4  IT IS SO ORDERED.
5  **Dated:   September 3, 2008**            /s/  **William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE